The opinion of the Court, which embraces the whole matter in controversy, was delivered by,
Tilghman C. J.
This case comes before us, on a certiorari, directed to the Court of Quarter Sessions of the county of Philadelphia, to remove u all proceedings, drafts, rules, orders, and reports, in the case of Calloxvhill street continued, in Penntownship, between Sixth and Seventh streets.’* In re- *523 ■ turn to this certiorari, the Court of Quarter Sessions has Spent up a plan of the district of Spring' Garden, made in pursuance of an act of assembly passed the 22d March., 1813, confirmed by the said Court, and recorded ; and also certain proceedings in the said Court, on a petition to open Callow- * i , J 1 lull Street, aslaid down in the said plan, and on another petition for a valuation of the damages- which would be occasioned by the opening of the said street.
In order to understand the matter in dispute, it will be necessary to advert to several acts of assembly.
On the 17th April, 1795, an act was passed, entitled “ an act to authorise the inhabitants of the Northern Liberties within a certain described part thereof, to regulate the streets, lanes, and alleys, within the same, and for other purposes therein mentioned.” By the 1st sect, of this act, the Governor was authorised to appoint three surveyors, who were to have power to survey, regulate, and direct, the courses and degrees of descent and the distances from the sides of the streets, lanes, alleys, and roads, of all and every the gutters, natural water courses, and common sewers, and fix and ascertain the same, and to survey and regulate all and every the streets, lanes, alleys, and roads, already laid out within certain bounds in the said act described ; within which bounds was Callowhill street. The surveyors were to make a plan of their work, which was to be submitted to the Court of Quarter Sessions, and when approved by them, to be recorded. In pursuance of this act of assembly a survey and plan were made, returned and recorded by order of the Court of Quarter Sessions, and Callowhill street is laid down. After-wards, on the 22d March, 1813, another act was passed, entitled “ An act to incorporate the district of Spring Garden,” by the 17th sect, whereof, the act of 17th April, 1795, so far as the same respects any part of the incorporated district of Spring Garden, was repealed, but the survey and regulations, so far as the same had been made within the said district, in pursuance of the said repealed act,' and returned into the office of the clerk of the Court of Quarter Sessions of the county of Philadelphia, xoere to be and remain fixed and unalterable. And by the 18th sect, of the said act of 1813, certain commissioners were authorised to appoint one or more surveyors, who were required “ to survey and mark the lines of all the streets, roads, lanes, courts and alleys, then open, or intended to be opened for public use within the said dis *524 tricti which had not been surveyed and returned as aforesaids and also to survey and lay out such other new streets, roads. lanes, courts and alleys, and common sewers, within the said ,. , , , , , , „ ,, ™ district, as he or they should deem necessary &c.’ 1 hose surveyors were to make a plan of their work, which was to be submitted to the Court of Quarter Sessions, and when approved by them, to be recorded in the office for recording of deeds, for the city and county of Philadelphia, uand thenceforth all the streets, roads, lanes, courts and alleys were to be for ever deemed, adjudged, and taken, public highways ; and the survey and regulation so returned and recorded, to be and remain unalterable.” Accordingly a survey and plan, were made, returned to the Court, approved by them, and recorded by their order. And by inspection of that plan it appears, that Callowhill street, which had been before surveyed and laid down, by virtue of the act of 1795, was altered, by enlarging the width thereof in the part now in dispute, from fifty feet, to an hundred feet. In consequence of this widening, it will be necessary to pull down some buildings, which will occasion damages to be .paid, not by the district of Spring Garden only, but by the county of Philadelphia. Here we perceive the cause of difference, between the commissioners of the county, and the commissioners of the district, and the question is, whether it was lawful to increase-the width of Callowhill street.
The counsel for Spring Garden made a preliminary objection, viz : that inasmuch as by the act of 1813, the survey and regulations, when returned and recorded, were to remain unalterable, it was not competent to this Court, to call their validity in question : but there is nothing in this objection ; for it has been frequently decided that the jurisdiction of .this Court, is not to be thus taken away by implication. Let us consider the case then, upon the acts of 1795, and 1813, It is not denied; that Callowhill street was lawfully-surveyed and laid down under the act of 1795 ; and being so surveyed and laid down, it was confirmed by the 17th sect, of the . act of 1813, in express terms, and excepted in terms equally express by the 10th sect, of the same act, from the power given to the surveyors who made and returned the plan, on which the commissioners of Spring Garden found their pretensions. And there was great reason for this exception, because it was to be supposed that buildings had been erected in conformity to the plan made under the act of *525 1795. These buildings could not be pulled, down, without making compensation to the owners, and that would occasion an expense which the Legislature might think it improper to ,r, T „ ° , ° r , lay on the county. In tact, these compensatory expenses have become a very serious and alarming consideration, from the great number of streets, and roads, which have been laid out j , • i • t i mi • • i and opened, within the last twenty years. Ihe principle should be held sound, that no man’s property is to be applied to the public use, without compensation. But the authority by which it is so appropriated, should be made clearly to appear. Now such authority is so far from being manifest in the present instance, that the plain words of the act of 1813, confirm the survey of Callowhill street made under the act of 1795, and forbid the surveyors who acted under the law of 1813, to meddle with it. It is said, that the block of buildings which cannot be prostrated, unless Callowhill street is increased in width, is an eye-sore. It may be so; and without doubt the street would be much more beautiful and convenient, if those buildings were removed. But considerations of that kind, can have no weight in the construction of the law. If the inhabitants of Spring Garden, think it a matter of great importance, to have Callowhill street of the width of one hundred feet, from sixth to seventh street, the Legislature will in all probability indulge them, and will determine whether it shall be at the expense of the district or of the county.
The counsel for the county commissioners made another point, viz : that the act of 3d April, 1804, (entitled ‘ A supplement to the “act for laying out and keeping in repair, the public roads” &c.) is still in force, throughout the whole of what was then the township of the Northern Liberties, in* eluding the district of Spring Garden, since incorporated, and that by the 1st sect, thereof, it is provided, that no road or street shall exceed fifty feet in width. On that point we think it unnecessary to give an opinion, being satisfied that Callow-hill street, having been laid down in the plan returned by virtue of the act of 1795, could not be increased in width, by virtue of the act of 1813. We are therefore of opinion that the proceedings in the Court of Quarter Sessions on the several petitions for opening Callowhill street, and for a valuation of the damages occasioned thereby, be quashed.
Proceedings quashed,